**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin Glass, | No. CV-07-1835-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Intel Corporation, Inc., | |
| Defendant. | |

Currently pending before the Court is Defendant Intel Corporation's Motion for Attorney's Fees, (Dkt.#58). After reviewing the record and determining oral argument unnecessary, the Court issues the following Order.

In Sum, the instant motion is premised on Defendant's successful defense of Glass' claims for discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., the Americans with Disability Act ("ADA"), 42 U.S.C. §§ 12101 et seq., the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 623 et seq., and various state claims. Under Title VII, the Court, in its discretion, "may allow the prevailing party . . . a reasonable attorney's fees (including expert fees) as part of the costs . . . ." 42 U.S.C. 2000e-5(k). In Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421-22 (1978), the Supreme Court promulgated the standards to guide the Court when determining whether to award a prevailing defendant attorney's fees:

> [A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.
>
> In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success.

Id. The standard under Christiansburg has been expanded to include actions brought under the ADA. See Brown v. Lucky Stores, Inc., 246 F.3d 1182, 1190 (9th Cir. 2001) (applying the Christiansburg standard to the attorneys' fee provision of the ADA).

Furthermore, while the ADEA does not provide for attorney's fees for a prevailing defendant, an award of attorney's fees may be warranted as a sanction under the district court's inherent power or 28 U.S.C. § 1927. This is because the district court retains the inherent power to order an award of fees "when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." See Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 258-59 (1975) (quotation omitted). Attorney's fees may also be awarded under § 1927 against "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927.

Here, Defendant argues that Plaintiff's action was frivolous, unreasonable, or without foundation. In light of the history of Mr. Glass' litigation against Intel, his former employer, the Court tends to agree with Defendant's conclusion. Intel notes that this is the third unsuccessful lawsuit that Mr. Glass has brought against it, all for claims of discrimination, harassment, and retaliation filed under Title VII, the ADA, the ADEA, along with several supplemental state claims. Each of these suits were properly dismissed with prejudice. See Glass v. Intel Corp., et al., Case No. 08-15715 (9th Cir. Sept. 3, 2009) (affirming summary judgment in favor of Intel in U.S. District Court Case No. CV-06-00671-PHX-MHM); Glass v. Intel Corp., No. CV-06-1404-PHX-MHM, 2009 WL 649787 (D. Ariz. Mar. 11, 2009) (granting Intel summary judgment on all claims). As the Court noted, in the present case,

1 | "[t]he claims in this case are substantively identical to the ones made in [Case No.
2 | CV06-1404] . . . ." Order (doc. 55), at 1 – 2. None of these three suits, including the instant
3 | one, came even remotely close to presenting a meritorious claim for relief. The Court will
4 | not go through the tedious history of Glass' long running and frivolous dispute with Intel and
5 | his various supervisors. It is, however, worth noting that Intel claims that it spent over
6 | $100,000 defending Glass' three federal lawsuits. (See Dkt. 58, at p. 4.) Given what
7 | transpired in these three cases, the Court has determined that these fees represent a
8 | reasonable amount of costs that have been incurred by Intel throughout its litigation with
9 | Glass. See e.g., Glass v. Intel Corp., No. CV-06-1404-PHX-MHM, Dkt.#56, Motion to
10 | Dismiss Case Pursuant to Rules 16(f) and 37(d) (explaining how Glass and his attorney failed
11 | to comply with the Court's rules of procedure, and failed to comply with direct orders from
12 | this Court, all concerning Glass' attempts to evade being deposed by Intel).

13 | Although Intel's legal expenses exceed $100,000, it requests no more than $10,000
14 | in fees from Mr. Glass. Intel has stated such an award would both deter Glass from filing
15 | subsequent frivolous lawsuits against it, yet would recognize that the amount of fees awarded
16 | to a defendant in a civil rights actions should not be so high as to deter more meritorious
17 | claims from being pursued.

18 | The Court agrees with Defendant's logic. The Court further notes that as per Local
19 | Rule 54.2(b)(3), Glass had 15 days after service of Intel's memorandum in support of its
20 | motion for attorney's fees to file a responsive brief in opposition. Intel filed the instant
21 | motion on October 9, 2009. Glass failed to respond to Intel's motion, and the time frame in
22 | which he would have been permitted to do so has long since passed.

23 | As such, the Court will grant Intel's motion and levy an award of attorney's fees in
24 | the amount of $10,000. However, rather than making Kevin Glass solely responsible for this
25 | award, the Court will also award fees against Glass' attorney, Mr. David J. Duchrow. The
26 | Court notes that Mr. Duchrow represented Glass in all three of these now dismissed frivolous
27 | federal cases. In the Court's estimation, Mr. Duchrow played a critical role in enabling the
28 | continuation of Glass' litigation—which amounted to a tremendous waste of both the Court's

time and the funds of Intel's shareholders. Mr. Duchrow's action is therefore sanctionable under 28 U.S.C. § 1927 and the Court's inherent power.

**Accordingly,**

**IT IS HEREBY ORDERED** granting Defendant Intel's Motion for Attorney's Fees, (Dkt.#58).

**IT IS FURTHER ORDERED** directing Mr. Kevin Glass to pay Defendant Intel $5,000 in attorney's fees.

**IT IS FURTHER ORDERED** directing Mr. David J. Duchrow to pay Intel $5,000 in attorney's fees.

DATED this 20th day of November, 2009.

Mary H. Murguia
United States District Judge